**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 22-cr-280-NYW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  ANTHONY FOGLE,

      Defendant.

---

**DEFENDANT ANTHONY FOGLES' UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND FINDING OF EXCLUDABLE TIME PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

---

The Defendant, Anthony Fogle, by and through CJA counsel, Peter Hedeen, moves this Honorable Court for an exclusion of 120 days from the speedy trial calculation, pursuant to 18 USC section 3161 (h)(7)(A) and (B). See *Bloate v. United States*, 130 S.Ct. 1345 (2010); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. West,* 828 F.2d 1468 (10th Cir.1987). The Government has no objection to this request. The Government has not as of this filing been able to produce the written discovery in this case to Counsel for the Defendant. The relief requested outweighs the interest of the public, the Government, and the Defendant in a speedy trial. The relief requested serves the ends of justice by allowing for effective preparation for the reasons stated below. In support of this motion, Mr. Fogle states as follows:

-1-

## I. PROCEDURAL BACKGROUND

1.      An information in the above-captioned case was filed with the Court on August 25, 2022 charging one count, which charged Mr. Fogle with Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924 (c). An Arrest Warrant was issued for Mr. Fogle.

2.      On August 30, 2022, Mr. Fogle was arrested on the Warrant and appeared in front of the Honorable Magistrate Scott T. Varholak.

3.      On September 2, 2022, Mr. Fogle appeared before Magistrate Michael E. Hegarty for a Detention Hearing, and did not contest detention. Mr. Fogle was ordered held in custody.

4.      On September 13, 2022, an Indictment was filed with the Court. Mr. Fogle again appeared before Magistrate Michael E. Hegarty for an Arraignment and Discovery Hearing, entered a not guilty plea, and the parties were ordered to contact this Court's chambers for motions and trial deadlines/dates.

5.      On September 20, 2022, this Court set a trial date for October 31, 2022, a Final Trial Preparation Conference/Change of Plea Hearing on October 28, 2022, and a deadline of October 6, 2022 for filing of pretrial motions.

## II. AUTHORITY

6.      In the context of addressing trial continuances, the Tenth Circuit has set forth four factors that the court should consider. *See West,* 828 F. 2d at 1470. Those factors are: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request

for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

7.     Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

8.     Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
. . . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel,or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.
See 18 U.S.C.§1361(h)(7)(B)(Westlaw 2016). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10thCir. 2009).

9.     The decision to grant an "Ends of Justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10thCir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to

delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate*, 130 S. Ct. 1345 (2010).

### III. ARGUMENT

10.     The ends of justice are best served by excluding an additional 120 days from the speedy trial calculations thereby allowing Mr. Fogles' counsel to adequately prepare for pretrial and trial.

11.     Mr. Fogle is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. 3161(h)(7)(B)(iv).

12.     The Government has not disclosed all relevant Discovery to Mr. Fogle. The disclosures made to date includes numerous surveillance videos and limited phone records. Undersigned Counsel has been been in contact with Counsel for the Government, and on information and belief understands that the investigating agency, the Fremont County Sheriff's Department, has had computer hacking issues and at this time is unable to produce the written discovery related to this case. At this time Undersigned Counsel, after consultation with the Government and on information and belief, can inform the Court that it is unknown when the written discovery materials will be recovered and tendered to Counsel for the Defendant. It is also unknown at this time how much written discovery remains outstanding.

13.     Undersigned Counsel will continue to diligently pursue the defense of this case. However, the nature and facts of the case, including but not limited to the amount of discovery and the investigation and consultation required to be done once discovery is complete, are such that no amount of diligent work can ensure effective assistance of counsel prior to the potential motions deadline and trial date is contemplated by the current speedy trial time-frame.

14. Undersigned Counsel spoke to Mr. Fogle and he does not object to an exclusion of 120 days from the speedy trial deadline in order to ensure that his counsel has sufficient time to prepare the case for motions and trial.

15. Undersigned Counsel has been in contact with Assistant United States Attorney Daniel McIntyre, and he has no objection to the requested continuance.

16.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Mr. Fogle requests that this Court vacate the current court dates and continue the trial for one hundred twenty (120) days. There is little or no inconvenience to any of the other parties and there is a need for additional time for Counsel for the Defendant to prepare for motions and trial. Failure to grant sufficient time for counsel acting with due diligence to perform the tasks set forth above would likely result in a miscarriage of justice.

17.     Counsel for the Defendant believes that the extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

18.     Based on the foregoing, and consistent with *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), Mr. Fogle respectfully requests the Court to: 1) exclude an additional 120 day period from the speedy trial calculation; and 2) set the case for a further proceedings, or order the parties to contact Court Chambers, in order to set deadlines and dates for  hearings on motions and trial.

Dated this Thursday, October 6, 2022.

Respectfully submitted,


__S/Peter Hedeen___
Peter Hedeen
2373 Central Park Blvd.
Suite 100
Denver, CO 80238
720-979-0927
303-803-1501  Fax

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, October 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the court's ECF system which will send notification of such filing to all counsel of record and the following e-mail address:

Daniel McIntyre, Assistant United States Attorney
daniel.mcintyre@usdoj.gov

And, I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Anthony Fogle (via US Mail)

__S/Peter Hedeen___
Peter Hedeen
2373 Central Park Blvd.
Suite 100
Denver, CO 80238
720-979-0927
303-803-1501  Fax