**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 22-cr-00280-NYW

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. ANTHONY FOGLE,

     Defendant.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENDS OF
JUSTICE CONTINUANCE AND FINDING OF EXCLUDABLE TIME PURSUANT TO
18 U.S.C. § 3161(h)(7)(A)**

---

This matter is before the Court on Defendant Anthony Fogle's ("Mr. Fogle" or "Defendant") Unopposed Motion for Ends of Justice Continuance and Finding of Excludable Time Pursuant to 18 U.S.C. § 3161(h)(7)(A) ("Motion"). [Doc. 21, filed October 6, 2022]. Defendant asks this Court for an order excluding 120 days from the Speedy Trial Calculation and for an extension of relevant deadlines, including the pretrial motions deadline.

Defendant's Motion implicates the Speedy Trial Act of 1974 ("Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii)  Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

Defendant's Motion describes the various factors that he believes necessitate the exclusion of 120 days in this case, and the Court adopts and incorporates those facts here.  In support of his Motion, Mr. Fogle states that on August 5, 2022, a one-count complaint was filed in this case, charging him with violating 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of Drug Trafficking.  [Doc. 21 at ¶ 1].  Then, on September 13, 2022, a grand jury for the District of Colorado returned an indictment against Defendant.  [*Id.* at ¶ 4]; *see also* [Doc. 13].  Counsel for Mr. Fogle states that the Government has not disclosed all relevant discovery to Mr. Fogle and "the disclosures made to date include numerous surveillance videos and limited phone records." [Doc. 21 at ¶ 12].  Defense counsel further states that he has consulted with counsel for the Government and, "on information and belief, can inform the Court that it us known when the written discovery materials will be recovered and tendered" to counsel for Mr. Fogle," and "[i]t is also unknown at this time how much written discovery remains outstanding." [*Id.*].  Defense counsel also states that "the nature and facts of the case, including but not limited to the amount of discovery and the investigation and consultation required to be done once discovery is complete, are such that no amount of diligent work can ensure effective assistance of counsel prior to the

potential motions deadline and trial date [that] is contemplated by the current speedy trial time-frame." [*Id.* at ¶ 13]. In addition to needing additional time to complete discovery, defense counsel states that he also needs additional time to prepare pre-trial motions. [*Id.* at ¶¶ 16–17].

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv).[1]  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel. Accordingly, the Court **FINDS** that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2)     Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3)     Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **HEREBY ORDERED** that:

(1)     Defendant's Unopposed Motion for Ends of Justice Continuance and Finding of Excludable Time Pursuant to 18 U.S.C. § 3161(h)(7)(A) [Doc. 21] is **GRANTED**;

(2)     **The 70-day clock, exclusive of tolled time, shall accordingly be extended from November 17, 2022, to March 17, 2023**;

---

[1] Defense counsel states that "Mr. Fogle is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because 'the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice' and 'would deny counsel for the defendant . . . reasonable time necessary for effective preparation.'"  [Doc. 21 at ¶ 11 (quoting 18 U.S.C. 3161(h)(7)(B)(iv)).

(3)   The current trial date and all pretrial deadlines are hereby **VACATED.** The **four-day** jury trial is reset for **March 13, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 10, 2023 at 10:00 a.m.**;

(4)   Defendant shall have up to and including **February 21, 2023** to file pretrial motions, and responses to these motions shall be filed by **February 28, 2023**. If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_chambers@cod.uscourts.gov no later than **two business days after filing the motion** to set such a hearing; and

(5)   The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 20] remain **SET**.

DATED:  October 11, 2022                    BY THE COURT:

                                            _____
                                            Nina Y. Wang
                                            United States District Judge